**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5656-18T6

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

MICHAEL J. DEVINE,

      Defendant-Respondent.

_____

Argued October 29, 2019 – Decided November 25, 2019

Before Judges Messano, Ostrer and Susswein.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Burlington County, Accusation No. 19-01-0048.

Jennifer Bentzel Paszkiewicz, Assistant Prosecutor, argued the cause for appellant (Scott A. Coffina, Burlington County Prosecutor, attorney; Jennifer Bentzel Paszkiewicz, of counsel and on the briefs).

Laura B. Lasota, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E. Krakora, Public Defender, attorney; Laura B. Lasota, of counsel and on the brief).

PER CURIAM

Pursuant to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26, "[e]xcept for 'excludable time for reasonable delays,' defendants cannot remain in jail for more than 90 days before the return of an indictment, or more than 180 days after indictment and before the start of trial." State v. Robinson, 229 N.J. 44, 56 (2017) (citing N.J.S.A. 2A:162-22(a)(1)(a), -22(a)(2)(a)). The CJRA "lists thirteen periods of excludable time[.]" Id. at 56 (citing N.J.S.A. 2A:162-22(b)(1)). If a defendant is not indicted within ninety days of being detained, he must be released

> unless, on motion of the prosecutor, the court finds that a substantial and unjustifiable risk to the safety of any other person or the community or the obstruction of the criminal justice process would result from the eligible defendant's release from custody, so that no appropriate conditions for the eligible defendant's release could reasonably address that risk, and also finds that the failure to indict the eligible defendant in accordance with the time requirement set forth in this subparagraph was not due to unreasonable delay by the prosecutor. If the court finds that a substantial and unjustifiable risk to the safety of any other person or the community or the obstruction of the criminal justice process would result, and also finds that the failure to indict the eligible defendant in accordance with the time requirement set forth in this subparagraph was not due to unreasonable delay by the prosecutor, the court may allocate an additional period of time, not to exceed [forty-five] days, in which the return of an indictment shall occur. Notwithstanding the court's previous

2

findings for ordering the eligible defendant's pretrial detention, or if the court currently does not find a substantial and unjustifiable risk or finds unreasonable delay by the prosecutor as described in this subparagraph, the court shall order the release of the eligible defendant[.]

[N.J.S.A. 2A:162-22(a)(1)(a) (Section 22).]

In this case, on January 7, 2019, seventy-eight days after his arrest and seventy-five days after the Law Division ordered his detention on two complaint-warrants, defendant Michael J. Devine entered into a global plea agreement. Defendant pled guilty to an indictment charging him with third-degree receiving stolen property, alleging events that occurred approximately two weeks before those alleged in the complaint-warrants, and which served as the basis for a prior detention motion, which the court denied. Defendant also waived his right to indictment on charges contained in the two complaint-warrants, see Rule 3:7-2, and pled guilty to a single-count accusation charging him with third-degree receiving stolen property, N.J.S.A. 2C:20-7(a). In return for his guilty pleas, the State agreed to recommend concurrent sentences of imprisonment not to exceed four years with no period of parole ineligibility. The judge set sentencing for May 23, 2019.

A-5656-18T6

On sentencing day, defendant moved to withdraw his guilty pleas.[1] The judge adjourned the sentencing and held oral argument on defendant's motion on July 1, 2019. Applying the factors outlined by the Court in State v. Slater, 198 N.J. 145, 158–62 (2009), the judge granted defendant's motion and vacated his guilty pleas to the indictment and accusation. The judge did not vacate, nor was he asked to vacate, defendant's waiver of his right to indictment, nor was he asked to dismiss the accusation. Indeed, the judge scheduled the matter for a "discretionary conference" on July 22, noting that if there was no agreement, the court would "move to pretrial conference and set a trial date."[2]

The prosecutor asked the judge to grant the State "excludable time for the time that the . . . notice of motion [to withdraw] was entered." The judge agreed that the State was entitled to "excludable time attributed to . . . defendant from the date of his notice of motion to today's date[.]" See N.J.S.A. 2A:162-22(b)(1)(c) (excluding "[t]he time from the filing to the final disposition of a

---

[1] The record is unclear whether this was by formal motion filed by defense counsel or by defendant. We only note that at the subsequent hearing on the motion, defendant was represented by different counsel than when he pled guilty. This attorney later said he was representing defendant "because of the apparent conflict with [defendant's] previously assigned counsel."

[2] It is unclear whether the judge intended to try the indicted matter or the accusation.

motion made before trial by . . . defendant").  However, the prosecutor quickly reconsidered his position, and asked the judge to grant the State excludable time from the date of defendant's guilty plea through the date of its withdrawal. Defense counsel did not object, and the judge concluded that the time between January 7, 2019, the date of defendant's guilty plea, and July 1, 2019, the date the court granted his withdrawal motion, was excludable time attributable to defendant, although he reserved on the State's request pending further review of court records.  See N.J.S.A. 2A:162-22(b)(1)(l) (permitting the court to grant excludable delay "for other periods of delay not specifically enumerated if the court finds good cause for the delay").[3]

Apparently, the court's computerized notification system alerted the court that no indictment had been returned and defendant would have been detained for ninety days as of July 13, 2019.  On Friday, July 12, the judge conducted an ex parte conference on the record with the prosecutor.  Defendant was present

_____

[3]  The record contains two orders.  The judge's July 2, 2019 order granted the State fifty-four days of excludable time, i.e., from the filing of the motion to withdraw through the order granting the motion.  The judge's July 8, 2019 order granted the State 122 days of excludable time, i.e., from the day of defendant's guilty pleas through the order granting the withdrawal motion.

in court without counsel.[4]  Citing Section 22, the judge noted that because defendant had not been indicted and the State had not filed any motion for relief, he must release defendant the next day.  The prosecutor countered by noting that defendant had waived his right to indictment, and the State was prepared to proceed to trial on the accusation pursuant to Rule 3:7-2.

Calling it a "novel issue," the judge candidly stated he "would need time to think about" it and was reluctant to consider the issue further without hearing from defense counsel.  However, finding "no additional basis upon which to give excludable time" to the State, the judge concluded he would order defendant's release the following day.  Reviewing the risk assessment prepared by Pretrial Services, which included scores of four, for the risk of failure to appear and the risk of new criminal activity, the judge ordered defendant's release on Level III monitoring and granted the State's request for a stay.

The State moved for reconsideration, and the court heard argument on the motion on July 25, 2019.  Noting that defendant knowingly and voluntarily waived his right to indictment, and, citing Rule 3:7-2, the prosecutor argued the

---

[4]  The transcript reveals that although defendant remained eligible for the services of the Office of the Public Defender, counsel who represented defendant for purposes of the motion to withdraw his guilty pleas was not assigned to represent defendant any further.  In short, on July 12, defendant did not have counsel assigned to represent him.

A-5656-18T6

filing of the accusation was the functional equivalent of the return or unsealing of an indictment for purposes of the CJRA. He asserted that the 180-day clock requiring trial after indictment now controlled. See N.J.S.A. 2A:162-22(a)(2)(a).

Now represented by counsel, defendant argued that when the court vacated his guilty plea, it restored the constitutional rights defendant waived by pleading guilty. It followed, therefore, that the court also restored defendant's right to indictment. Defendant argued that the State could have sought an indictment during the twelve calendar days — including four days on which a grand jury sat — after the judge permitted withdrawal of defendant's guilty pleas and prior to expiration of the ninety-day clock.

The judge concluded that "the effect of [granting] the Slater motion was the vacation of the guilty plea as well as the waiver of the indictment and the accusation." He denied the motion for reconsideration.[5]

We granted the State's motion for leave to appeal. Since the judge's July 25, 2019 order denying reconsideration continued the stay of defendant's release

---

[5] During colloquy with the judge, the prosecutor revealed that a grand jury had that day voted a true bill against defendant charging him with receiving stolen property based on the allegations in the two complaint-warrants.

pending appeal if we granted the State's motion for leave to appeal, defendant remains detained.

Before us, the parties essentially reiterate the arguments made in the Law Division. We conclude that under the particular circumstances of this case, defendant waived his right to indictment, the waiver was never revoked or vacated, and the filed accusation, which was never dismissed by the court, served as the functional equivalent of an indictment for purposes of Section 22 of the CJRA. We therefore reverse and vacate the order releasing defendant from pretrial detention.

We start by recognizing that every defendant charged with a crime in New Jersey has a constitutional right to indictment by a grand jury. N.J. Const. art. I, ¶ 8; State v. Dorn, 233 N.J. 81, 93 (2018). But, like other constitutional rights, particularly those waived upon the entry of a guilty plea, see, e.g., State v. Knight, 183 N.J. 449, 469 (2005) (discussing constitutional rights deemed waived on entry of an unconditional guilty plea), a defendant may voluntarily waive his right to indictment. Indeed, "[t]he primary purpose of [Rule 3:7-2] is to establish that criminal defendants may waive their right to indictment." State v. Ciuffreda, 127 N.J. 73, 79 (1992).

Rule 3:7-2 provides:

> Every crime shall be prosecuted by indictment unless the defendant, after having been advised of the right to indictment, shall waive the right in a signed writing, in which case the defendant may be tried on accusation. Such accusation shall be prepared by the prosecuting attorney and entitled and proceeded upon in the Superior Court.

As the Court said in Ciuffreda,

> The Rule . . . incorporates two protections, both designed to protect defendants who choose to proceed without exercising their right to indictment. First, the requirement that the prosecutor file an accusation performs a "notice" function. The accusation ensures that when criminal defendants waive the right to indictment, they nevertheless have notice prior to trial of the charges against which they must defend. The second protection is the requirement that waivers be in writing after criminal defendants have been informed of the right to indictment. That requirement provides increased assurance that criminal defendants have in fact agreed to allow the prosecution to go forward by way of accusation rather than by indictment.
>
> [127 N.J. at 79–80 (emphasis added).]

Here, there is no dispute that defendant's waiver of indictment was knowingly and voluntarily entered prior to his guilty pleas, and the accusation fully complied with the rule's requirements and achieved its intended purposes. It is also undisputed that at no time during oral argument on defendant's motion to withdraw his guilty pleas, during the court's oral decision, or in the July 1, 2019 order permitting the withdrawal, is there any revocation or vacation of the

9

waiver of indictment or dismissal of the accusation.  Defendant never expressly moved for such relief; such relief was not implicit in his motion to withdraw his guilty pleas; and the judge did not grant such relief.

We acknowledge that in the vast majority of cases, a defendant's waiver of indictment is entered and an accusation filed in conjunction with plea negotiations routinely consummated by a final disposition of charges, except for sentencing.  That certainly was the anticipated outcome in this case.  However, our rules recognize the independent nature of the filed accusation as a charging document, equivalent to an indictment and fully functional for purposes of trial. See R. 3:7-2 (expressly providing that "the defendant may be tried on accusation" after valid waiver of right to indictment); R. 3:7-3(a) (describing required contents of an accusation and permitting a defendant to move to strike surplusage); R. 3:7-4 (permitting amendment of the accusation, including amendment to charge a lesser included offense, and permitting postponement of trial as a result); R. 3:7-5 (permitting motion for a bill of particulars "if the . . . accusation is not sufficiently specific to enable the defendant to prepare a defense"); R. 3:7-6 (permitting joinder of offenses in accusation); R. 3:7-7 (permitting joinder of defendants in accusation).  Indeed, we note without

10

further comment that the rules provide process may issue upon the filing of an accusation.  R. 3:7-8 and -9.

Additionally, amendments to our rules enacted after the passage of the CJRA contemplate final adjudication of the charges by the court upon waiver of indictment and trial by jury.  See R. 3:4-2(d)(8) (outlining procedure for first appearance on an indictable offense, and permitting waiver of indictment and trial by jury, and trial by the court); R. 3:4-2(g)(5) (outlining procedure for waiver of first appearance, including counsel's obligation to advise client of right to waive indictment and jury trial and be tried by the court).

Our point is simply that the charging document — the accusation — is separate from a defendant's waiver of his right to indictment — a necessary predicate to the State's ability to prosecute him on the accusation.  Unless the court expressly vacates a defendant's waiver when it permits withdrawal of a guilty plea to the corollary accusation, the State theoretically may proceed to trial, as the prosecutor asserted he was prepared to do in this case.

Prior to passage of the CJRA, this dilemma was more hypothetical than practical.  We have little doubt that pre-CJRA, the prosecutor would have eventually presented the case to a grand jury and secured an indictment, with the accusation becoming irrelevant as a result.  That is precisely what has

11

occurred. However, the advent of the CJRA caused the unusual result in this case, because the judge relied upon the express language of Section 22 and concluded that despite the existence of a valid, filed accusation, the lack of an indictment compelled defendant's release from custody. Under the facts presented, such a literal reading of Section 22 was unfair to the State. Nor was such literal reading needed to vindicate defendant's right to a speedy trial, as the prosecutor conceded the 180-day clock in this case began to run from the day the accusation was filed, minus any other excludable time.

The record does not reveal what went on behind the scenes leading up to the plea agreement. We know, however, that negotiations were not finalized and the bargain was not placed on the record until seventy-eight days after defendant's arrest. We also know that when the judge permitted defendant to withdraw his guilty pleas, only twelve days remained on Section 22's ninety-day clock.

We reject defendant's assertion that the State should have presented the case to a grand jury within those twelve days or live with the consequence that he argues the CJRA compelled, i.e., defendant's release from custody. First, the accusation had not been dismissed, and defendant's waiver of his right to indictment had not been withdrawn or vacated. Second, we are in no position

to know whether the prosecution's witnesses were available to testify before the grand jurors, nor do we think it appropriate to intervene unnecessarily in the operations of the prosecutor's office. Third, a valid indictment requires more than the grand jury's affirmative vote to return a true bill. See R. 3:6-8(a) (requiring the indictment "be returned in open court to the Assignment Judge" or in her absence, to her designee). In fact, under Section 22, only the return of an indictment stops the ninety-day clock. See N.J.S.A. 2A:162-22(a)(1)(a) (stating a "defendant shall not remain detained in jail for more than [ninety] days . . . prior to the return of an indictment") (emphasis added).

Of course, once defendant was permitted to withdraw his guilty pleas, the State might have sought relief under Section 22. However, as noted, the prosecutor intended to try defendant on the accusation, which had not been dismissed. At least on the record before us, the State had a good faith belief that there was no need to indict defendant, since defendant never sought to vacate his waiver of the right to indictment. Additionally, under Section 22, to secure additional time to return an indictment against defendant, the State would have been required to bear another more onerous burden, by demonstrating anew that defendant posed

> a substantial and unjustifiable risk to the safety of any
> other person or the community or the obstruction of the

criminal justice process would result from the eligible defendant's release from custody, so that no appropriate conditions for the eligible defendant's release could reasonably address that risk, and also finds that the failure to indict the eligible defendant in accordance with the time requirement set forth in this subparagraph was not due to unreasonable delay by the prosecutor.

[N.J.S.A. 2A:162-22(a)(1)(a).]

We emphasize that our holding is limited to the particular facts and record presented on this appeal, and note the potential for mischief by both defendants and the State in other circumstances. For example, under the literal terms of Section 22, if a detained defendant consummated his plea bargain by way of accusation eighty-nine days after his detention, and then successfully vacated his guilty plea, would the State have only one day in which to successfully return an indictment against him or otherwise move for relief under Section 22? We doubt that the CJRA countenances such a result.

Similarly, under the same hypothetical facts, would the State be justified in arguing that the accusation was the functional equivalent of an indictment for purposes of the CJRA if it decided, months after a defendant withdrew his guilty plea, to seek a superceding indictment against the defendant, perhaps charging him with more serious crimes? Clearly, the CJRA does not condone abuse of one of its overriding statutory purposes, i.e., the establishment of "statutory

14

speedy trial deadlines for defendants who are detained pending trial." Robinson, 229 N.J. at 54 (citing N.J.S.A. 2A:162-22).

We find no such abuse by either side on this record, and we remain certain that trial judges in the Criminal Part will appropriately address any abuses that may arise. In the future, we respectfully urge trial judges who permit a defendant to withdraw a guilty plea to an accusation to specifically address the defendant's previously-entered waiver of his right to indictment and the accusation itself, deciding whether either has continued vitality in light of the court's ruling on the motion. Through this opinion, we also express our concerns to the Criminal Practice Committee and commend to its collective consideration possible amendments to the rules.

Reversed. The order releasing defendant is vacated.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION